IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDREAN HALL )
)
v. ) NO. 3-13-0144
) JUDGE CAMPBELL
WAL-MART EAST, L.P. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 35). For the reasons stated in the accompanying Memorandum, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff's Complaint alleges that on January 14, 2012, Plaintiff was shopping in a Wal-Mart store in Nashville when she was injured by a falling of ceramic plates and the plates' display rack. Plaintiff contends that the falling of the plates on her hand dislocated her pinky finger and permanently disfigured her hand. Plaintiff asserts that Defendant knew or should have known that the display conditions were unsafe and posed an unreasonable danger to persons on the premises of the store. Plaintiff seeks compensatory damages for her injuries.

In response to the pending Motion, Plaintiff has admitted, by failing to respond to Defendant's Statement of Undisputed Facts and expressly (Docket No. 42-1), the following additional facts. She removed several plates from the display rack with no problem or concern. She did not look at the rack when she was taking down the first three or four plates. After she had removed the fourth plate from the display rack, a plate fell on her hand/finger. No one else was taking down plates, shaking the display rack, or standing around the area at the time of her accident. No one else caused the plates to be dislodged or caused any movement that would cause the rack

to collapse. Plaintiff does not know whether anything was broken on the rack after the alleged incident, and Plaintiff has no information or evidence that Defendant ever had any other problems regarding the shelving of the plates. Docket No. 37.

Defendant has moved for summary judgment, contending that it owed no duty to the Plaintiff; there was not a dangerous or defective condition on its premises; no one else caused the plates to be dislodged; Defendant had no actual or constructive notice of the allegedly dangerous condition of the display; and Plaintiff's comparative fault precludes any recovery. Docket No. 35.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a

scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## NEGLIGENCE

To establish the elements of a negligence claim, Plaintiff must show (1) a duty of care owed by the Defendant to the Plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. *Green v. Roberts*, 398 S.W.3d 172, 176 (Tenn. Ct. App. 2012). In cases involving premises liability, the premises owner has a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises. *Id*. at 177. Tennessee courts have stated that a business owner breaches the duty of care owed to its customers when it allows a dangerous condition to exist on the premises if that condition was created by the owner, operator or his agent or, if the condition is created by someone else, when the business owner had actual or constructive notice that the dangerous condition existed prior to the customer's injury. *Morris v. Wal-Mart Stores, Inc.*, 330 F.3d 854, 858 (6th Cir. 2003).

In other words, to succeed on her claim against Defendant for negligence, Plaintiff must demonstrate that Defendant created the allegedly dangerous condition or that Defendant had actual or constructive knowledge of the condition prior to Plaintiff's injury. Constructive knowledge cannot generally be established without showing the length of time the dangerous condition existed. *Taylor v. Wal-Mart Stores East, L.P.*, 2015 WL 5026156 at * 2 (E.D. Tenn. Aug. 25, 2015); *Hardesty v. Service Merchandise Co., Inc.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997). "Where there is a complete absence of proof as to when and how the dangerous condition came about, it

would be improper to permit the jury to speculate on these vital elements." *Id*. at 683 (*cited in Taylor* at * 2).

Here, Plaintiff has not pointed to any evidence in the record to show how this allegedly dangerous condition was created or how long it had existed prior to her injury. Moreover, she has cited no evidence to support a finding that Defendant had actual or constructive notice of the condition.

To defeat a motion for summary judgment, a plaintiff cannot rely on the conclusory allegations of her Complaint. Rather, she must come forward with probative evidence tending to support the Complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (*cited in Anderson v. Wal-Mart Stores East, L.P.*, 2013 WL 3010696 at * 1 (M.D. Tenn. June 18, 2013)). Speculation does not create a genuine issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment. *Id*. at * 2.

As in *Anderson v. Wal-Mart Stores East*, Plaintiff's invocation of the *res ipsa loquitur* doctrine in response to Defendant's Motion does not save her negligence claim. *Res ipsa loquitur* is a form of circumstantial evidence that permits, but does not compel, a jury to infer negligence from the circumstances of an injury. *Id*. at * 3. All that is required is evidence from which reasonable persons can say that, on the whole, it is more likely that negligence attributable to the Defendant caused the Plaintiff's injury. *Id*.

Here, Plaintiff has not carried her burden to demonstrate that evidence. In the absence of proof as to what caused the plates to fall, a jury would be able only to speculate that Defendant was responsible for Plaintiff's injuries, just as they could speculate that Plaintiff was responsible for her own injuries. Negligence is not presumed from the mere happening of an injury or accident.

*Hardesty*, 953 S.W.2d at 683. As noted above, where there is a complete absence of proof as to when and how the dangerous condition came about, it is improper to permit the jury to speculate. *Id*. Plaintiff argues in her Response brief that the construction, maintenance and condition of the racks in Defendant's store failed to comply with reasonable standards of care, but she has failed to show what those reasonable standards are or how Defendant failed to comply.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 35) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE